

**SIGNED this 02 day of November, 2010.**

```
                                    _____
                                           JAMES P. SMITH
                                    UNITED STATES BANKRUPTCY JUDGE
```
_____


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 13 |
| | : | |
| TROY ERIC CRUMP, | : | |
| | : | |
| Debtor | : | Case No. 10-51789  JPS |
| | : | |
| TROY ERIC CRUMP, | : | |
| | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| TITLEMAX, | : | |
| Respondent | : | |

BEFORE

JAMES P. SMITH
UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

|  |  |
|---|---|
| Movant: | James W. Davis |
|  | 143 Lamar Street |
|  | Macon, Georgia 31204 |
| Respondent: | Jenny Martin Stansfield |
|  | 240 Third Street |
|  | P.O. Box 1606 |
|  | Macon, Georgia 31202-1606 |
| Chapter 13 Trustee: | Laura Wilson |
|  | P.O. Box 954 |
|  | Macon, Georgia 31202 |

## MEMORANDUM OPINION

This matter comes before the Court on Debtor's Motion To Require Turnover Of Property which was heard on an expedited basis. For purposes of this motion, the parties stipulated the facts set forth herein.

Prior to filing for bankruptcy relief, Debtor Troy Eric Crump entered into a series of "pawn transactions" with TitleMax of Georgia, Inc.("TitleMax"). To secure these "pawn transactions", Debtor pledged to TitleMax his 2001 Chevrolet Silverado truck. Debtor's final contract with TitleMax, which was dated October 13, 2009, required Debtor to pay the sum of $4,574.92 by November 12, 2009, or Debtor would be in default. Pursuant to the terms of the contract, and consistent with OCGA § 44-14-403, if Debtor did not cure the default within 30 days, or by the next business day after the expiration of the grace period if the last day of the grace period fell on a day TitleMax was not open for business, ownership in the truck would be automatically forfeited to TitleMax.

Debtor did not pay the amount due on the maturity date of November 12, 2009, or within the 30 day grace period which ended on December 14, 2009.[1]

On December 18, 2009, Debtor filed a petition under Chapter 13 of the

---

[1] Although the 30 day grace period expired on Saturday, December 12, 2009, TitleMax was not open on that date. Accordingly, pursuant to the statute and contract, the grace period was extended until the following Monday, December 14, 2009.

Bankruptcy Code (Case No. 09-54166). Debtor listed the truck as an asset on his Schedule B and listed TitleMax on his Schedule D as having a secured claim of $4,535, secured by the truck. Debtor filed a Chapter 13 plan which, in part, proposed to pay TitleMax preconfirmation adequate protection payments[2] of $10 per month, and proposed to pay the secured claim, plus interest of 4.75% per annum, by monthly installments of $100. Prior to confirmation, the Chapter 13 plan was modified to reduce the interest to be paid to TitleMax to 4 % per annum.

On January 8, 2010, TitleMax filed a proof of claim in the case asserting that it had a secured claim in the amount of $4,990.44, secured by the truck.

Debtor made sporadic payments on his plan prior to confirmation and TitleMax received, in April and May 2010, a total of $40 in preconfirmation adequate protection payments. However, prior to confirmation, Debtor's Chapter 13 case was dismissed on June 2, 2010, for failure to make payments on the plan as required by 11 USC § 1326.

On June 8, 2010, TitleMax repossessed the truck. Debtor then filed the current Chapter 13 case on June 9, 2010. Debtor's Chapter 13 plan, which has not been confirmed, proposes to pay his debt to TitleMax through his plan. After attempts to negotiate the return of the truck were unsuccessful, Debtor filed this motion for turnover. As of the hearing on this motion, the Chapter 13 trustee reported that

---

[2] 11 USC § 1326(a)(1)(C)

Debtor was current on his plan payments.

TitleMax contends that ownership of the truck was forfeited to TitleMax prior to the filing of Debtor's first bankruptcy case.[3] TitleMax further contends that, as owner of the truck, it was entitled to take possession of the truck after the dismissal of the first case and was not required to return the truck to Debtor upon the filing of the current case. Debtor contends that, while ownership of the truck may have been forfeited to TitleMax prior to the filing of the first case, TitleMax waived its ownership interest when, instead of asserting its ownership interest, it filed a proof of claim in the first case and accepted adequate protection payments. Thus, Debtor contends that he still owns the truck and is entitled to its return pursuant to 11 USC § 542.

Debtor, as the moving party, has the burden of proof in an action under Section 542 which requires, in part, that an entity turn over property of the estate that is in its possession, custody, or control. 5 Collier on Bankruptcy ¶ 542.02 and [2] (16th ed. 2010). However, property of the estate does not include property that the debtor pledged as collateral in a "pawn transaction" if the debtor did not exercise his right to redeem the property within the time provided in the contract or state law. Id. ¶ 541.24. See 11 USC § 541(b)(8).

---

[3] Due to the expedited hearing, TitleMax was unable to produce a witness to explain why TitleMax had asserted a secured claim in the first case instead of asserting an ownership interest in the truck.

Georgia's pawnbroker lien statute, OCGA § 44-14-403, provides, in pertinent part:

> (b)(1) There shall be a grace period on all pawn transactions. On pawn transactions involving motor vehicles or motor vehicle certificates of title, the grace period shall be 30 calendar days.... In the event that the last day of the grace period falls on a day in which the pawnbroker is not open for business, the grace period shall be extended through the first day following upon which the pawnbroker is open for business...
>
> . . .
>
> (3) Pledged goods may be redeemed by the pledgor or seller within the grace period by the payment of any unpaid accrued fees and charges, the repayment of the principal, and the payment of an additional interest charge not to exceed 12.5 percent of the principal. Pledged goods not redeemed within the grace period shall be automatically forfeited to the pawnbroker by operation of this Code section, and any ownership interests of the pledgor or seller shall automatically be extinguished as regards the pledged item.

Thus, if a pledged motor vehicle is not redeemed within the 30 day grace period, the vehicle is automatically forfeited to the pawnbroker and the pledgor's ownership interest is automatically extinguished.

In Debtor's first Chapter 13 case, TitleMax filed a proof of claim and received $40 as adequate protection payments through Debtor's Chapter 13 plan. The record shows that, during the six month term of that case, Titlemax did not seek relief to obtain possession of truck. However, even if TitleMax sought payment of the past

6

due redemption price as a secured claim rather than asserting ownership of the truck, upon dismissal of the Chapter 13 case, neither Debtor nor TitleMax were bound by positions taken during the case.

Section 349 of the Bankruptcy Code sets forth the effects of dismissal of a case. "The objective of [11 USC § 349(b)] is to undo the title 11 case, insofar as practicable, and to restore all property rights to the position they occupied at the beginning of such case." 3 Collier on Bankruptcy ¶ 349.01 [2] (16th. ed. 2010).

In Christie v. First State Bank of Stratford, B.A. (In re Keener), 268 B.R. 912, 920 (Bankr. N.D. Tex. 2001), the court stated:

> The case law interpreting the effect of a dismissal is consistent with a plain reading of the statute and its legislative history. Since rights that the debtor acquires as a result of bankruptcy are usually an extension of the debtor's ability to abide by terms of the Bankruptcy Code, the debtor who is unwilling or unable to comply with the Code generally should not receive the benefits of bankruptcy once the case is dismissed. *See In re Derrick*, 190 B.R. 346 (Bankr. W.D. Wis. 1995). When a bankruptcy case is dismissed without the debtor having obtained a discharge, the consequences of the bankruptcy petition are negated, and the parties are restored to their rights and positions as they existed prior to the filing of the bankruptcy case. *See In re Irons*, 173 B.R. 910 (Bankr. E.D. Ark. 1994). Unless the court indicates otherwise, the general effect of an order of dismissal is to restore the status quo ante; it is as though the bankruptcy case had never been brought. *See In re Lewis & Coulter, Inc.*, 159 B.R. 188 (Bankr. W.D. Pa. 1993). Dismissal of a bankruptcy case operates to reinstate the status of interests of debtor and his creditors to their status quo ante. *See In re Lawson*, 156 B.R. 43 (9th Cir. BAP 1993). To the

7

extent possible, dismissal of bankruptcy petition reverses what has transpired during bankruptcy. *See In re Newton*, 64 B.R. 790 (Bankr. C.D. Ill. 1986).

See Hilderbrand v. United States, 905 F. Supp. 774, 785 (E.D. Calif. 1995) (dismissal without confirmation of Chapter 11 plan means parties are returned to the status quo prior to filing of bankruptcy.) Accordingly, the position TitleMax asserted during the first case did not act as a waiver of its ownership interest once that case was dismissed. Rather, upon dismissal, the parties were returned to their positions as they existed at the time of filing. Due to Debtor not redeeming the truck prior to the expiration of the grace period, TitleMax was the owner of the truck at the time the first case was filed.

Debtor also contends that, because TitleMax waived its right to assert ownership in the first case, he had a new 30 day grace period to redeem the truck after dismissal of his first Chapter 13 case. However, there is no legal support for this contention under state law or the Bankruptcy Code.

In conclusion, the Court finds that Debtor's interest in the truck was forfeited before he filed his first Chapter 13 case. TitleMax is the owner of the truck. Accordingly, Debtor's motion for turnover is denied.

An order in accordance with this memorandum opinion will be entered this date.

** END OF DOCUMENT **